Henry G. Smith, J.,
delivered the opinion of the Court.
Indictment against a County Trustee, for embezzling and converting to his own use, the moneys of the county which came to his hands by virtue of his office.
The indictment charges, that the defendant did, unlawfully, fraudulently and feloniously, and without authority of law, embezzle the moneys of the county, and did convert them to his own use, by failing and refusing to pay over the same to his successor in office, etc.
The objection is, that, the failing and refusing to pay over to his successor, is not a conversion, or evidence of a conversion, by the defendant, to his own *309 use,- in the sense of tlie Code, section. 4706, which defines tlie offense.
Tlie objection is without merit. The Code, section 4706, enacts that, if any person charged with the safekeeping, collection and disbursement of money or jiro-perty belonging to the State or any county,, use any part of said money or property, by loan, investment, or otherwise, without authority of law, or convert any part thereof to his own use, in any way whatever, he is guilty of embezzlement.
Failing and refusing to pay over the money to his successor in office, is, unexplained, evidence of a conversion of the money- to his own use, and if proved, will establish the allegation of the indictment that he did embezzle and convert the money to his own use. Failing and refusing to deliver a chattel, upon demand of the person entitled to possession, is evidence of conversion, in the civil action of trover.
Of course, proof may’ he made by the defendant, . of facts relieving the failure and refusal to pay, of its felonious character.
The intent of the Legislature was, to make such failure and refusal embezzlement, and, as such, punishable. This is manifest, from the fact that the Legislature has made, by section 4712, of the Code, the fraudulent appropriation of money or property, by any person in whose hands, or under whose control. it may be, by his position as clerk, agent, factor or bailee, or on any other contract or trust, by which he was bound to deliver or return the thing received, or its *310 proceeds, a fraudulent breach of trust, and a felony, punishable by imprisonment in the penitentiary.
The duty of the Court is, to enforce the criminal law, and not to search for unnatural circumstances for pretexts or means to screen offenders from the punishment due to their crimes.
The demurrer in this case was not well taken, and the judgment of the Court below, will be reversed, and the prisoner remanded for trial on the indictment.